**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURJIT SINGH, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72436 <br><br> Agency No. A095-798-582 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 9, 2016
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and LYNN,** Chief District
Judge.

Petitioner Gurjit Singh seeks review of the Board of Immigration Appeals'

("BIA") denial of his claims for asylum, withholding of removal, humanitarian

asylum, and relief under the Convention Against Torture ("CAT"). We deny in

part, and we grant and remand in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barbara M. G. Lynn, United States Chief District
Judge for the Northern District of Texas, sitting by designation.

1. Substantial evidence supports the denial of the asylum claim. Because the immigration judge ("IJ") found that Petitioner suffered past persecution by the Punjabi police in 2007 due to his membership in the political organization Shiromani Akali Dal Mann ("SADM"), Petitioner was entitled to a presumption of "a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1). The government rebutted this presumption, however, by showing that Petitioner could reasonably and safely relocate to another part of India. See 8 C.F.R. § 1208.13(b)(1)(i)(B) (stating standard); see also Melkonian v. Ashcroft, 320 F.3d 1061, 1069 (9th Cir. 2003) (explaining that an "IJ may deny eligibility for asylum to an applicant who has otherwise demonstrated a well-founded fear of persecution where the evidence establishes that internal relocation is a reasonable option under all of the circumstances"). The government introduced evidence that Sikhs from Punjab are able to move freely within India, Sikh communities exist "all over India," and internal relocation to escape local police is not "unduly harsh." Moreover, reports in the record suggest that police in India do not conduct background checks on newcomers, that Sikhs do not have to register with the police upon arriving in their area of relocation, and that access to employment following relocation is affected by an individual's level of education and skills. Reports in the record also note that the Indian government has made efforts in recent years to limit human rights

2

abuses and that members of the SADM party "are no longer subject to ill-treatment unless the individual is suspected of terrorism or violent activities by police." Those reports are substantial evidence that someone in Petitioner's position—who testified that he is single and in good health, has no children, has experience working as a farmer, and can understand some English and Hindi—could reasonably and safely relocate upon returning to India. The fact that neither the IJ nor the BIA listed every possible city where Petitioner could relocate is not dispositive. See 8 C.F.R. § 1208.13(b)(1)(i)(B) (requiring only that the government establish that the applicant for relief from removal could relocate to "another part of the applicant's country of nationality" (emphasis added)).

2. Because Petitioner did not establish eligibility for asylum, he "was not eligible for withholding of removal, which imposes a heavier burden of proof." Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir. 2006).

3. In its determination that Petitioner's experiences were not sufficiently "severe" to entitle him to humanitarian asylum, the BIA may have impermissibly rejected Petitioner's application primarily because he did not demonstrate ongoing harm. See Lal v. INS, 255 F.3d 998, 1007 (9th Cir.), amended by 268 F.3d 1148 (9th Cir. 2001) (noting that the humanitarian asylum exception "does not require the demonstration of an ongoing physical or emotional disability"). The decision,

however, is so ambiguous that we cannot properly review it under the standards set out in Lal. Accordingly, we grant and remand for reconsideration on this issue. See Delgado v. Holder, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc) (remanding to the BIA for clear explanation because the BIA's decision was so ambiguous that it prevented meaningful judicial review).

4. Because substantial evidence supports the BIA's conclusion that Petitioner would be able to relocate safely and reasonably within India, the agency properly denied his application for protection under the CAT. See 8 C.F.R. § 1208.16(c)(2) (stating that an applicant for relief under the CAT has the burden of proving "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

**DENIED in part; GRANTED in part and REMANDED.** The parties shall bear their own costs on appeal.